REGAN, Judge.
Plaintiff, Dallie Sterling, instituted this suit against defendants, Louis F. LaPlace, D. H. Holmes Company, Ltd., and its insurer, The Employers Liability Assurance Corporation, Ltd., endeavoring to recover the sum of $344.96 property damage incurred to his parked DeSoto automobile on September 9, 1953, when a truck owned and operated by LaPlace collided with a truck owned by D. H. Holmes causing it to be pushed into the rear of plaintiff’s vehicle.
D. H. Holmes Company, Ltd., and The Employers Liability Assurance Corporation, Ltd., answered and denied that the accident resulted from the negligence of its operator and asserted that the accident was caused solely by the negligence of LaPlace.
LaPlace answered and denied that he was guilty of any negligence in the premises and insisted that the accident occurred when the operator of the Holmes truck endeavored to back out of its parked position and into the path of his vehicle.
There was judgment below in favor of plaintiff and against the defendant, Louis F. LaPlace, in the amount of $344.96; the judgment also dismissed plaintiffs suit as to the defendants, D. H. Holmes Co., Ltd., and The Employers Liability Assurance Corporation, Ltd. From that judgment LaPlace has prosecuted this appeal.
This case was consolidated with a similar suit arising out of the same accident in order to facilitate and expedite the trial thereof. The suit referred to is entitled D. H. Holmes Co., Ltd. v. LaPlace, La.App., 79 So.2d 164. In that case D. H. Holmes Company, Ltd., endeavored to recover from LaPlace the sum of $191.58 representing property damage sustained by its truck on September 9, 1953, when it was run into by the vehicle operated by LaPlace. LaPlace answered denying that he was negligent and, in the alternative, pleaded the contributory negligence of D. H. Holmes Company, Ltd. tie then reconvened requesting an award in the amount of $145.49 representing property damage incurred by his *164 truck as a result of the accident. From a judgment in favor of D. H. Holmes Co., Ltd., as prayed for and dismissing the re-conventional demand of LaPlace, he has prosecuted this appeal.
The record in this case reveals that on the day of the accident Sterling’s DeSoto automobile was parked parallel to the curbing of Melpomene Street between St. Charles Avenue and Carondelet Street in the City of New Orleans; the Holmes truck was parked, with its motor running, in the rear thereof and parallel to the curbing. The comparatively narrow roadways of Melpomene Street are separated by what has been colloquially designated as a neutral ground. The LaPlace truck, heavily loaded with bananas, was being driven in Melpomene Street in the direction of the lake when the right side thereof struck the left rear section of the Holmes truck causing it to be pushed into the Sterling vehicle resulting in the damages which are the subject matter of this litigation.
August C. Stierwald, the operator of the Holmes truck, testified that he had initially parked his vehicle in Melpomene Street in the rear of the Sterling vehicle and, as customary, left the engine thereof running while he effected deliveries of various merchandise. When he returned to the truck he entered the body thereof and began assorting other packages which he expected to deliver in the vicinity and it was at this time that the LaPlace truck collided with the rear of the Holmes truck.
On the other hand, LaPlace insists that the operator of the Holmes truck, in the course of his endeavor to remove his vehicle from its parked position, backed it into the path of the LaPlace truck.
Only a question of fact has been posed for our consideration and that is whether the Holmes truck was parked or was in-the course of backing out of its parked position when the collision occurred.
We have made a careful analysis of the evidence contained in the record and we are of the opinion, as was the trial judge, that the collision resulted from the negligence of the LaPlace truck in colliding with the Holmes vehicle while it occupied a parked position parallel to the curbing of Melpomene Street.
There is a stipulation which appears in the record and it reveals that the amount of damages claimed by the plaintiff is correct.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.